UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY CARNERO,<br><br>    Plaintiff,<br><br>    v.<br><br>CARGILL MEAT SOLUTIONS CORPORATION,<br><br>    Defendant. | No. 1:22-cv-00354-DAD-SKO<br><br>ORDER *SUA SPONTE* DISMISSING ACTION DUE TO LACK OF SUBJECT MATTER JURISDICTION |

On March 25, 2022, defendant removed this action from the Fresno County Superior Court to this federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. No. 1.) Four days later, on March 29, 2022, defendant filed a motion to stay these proceedings "pending the outcome of mediation," or alternatively, to extend the time for defendant to file a response to the complaint by 60 days. (Doc. No. 5 at 2.)

In defendant's motion to stay, it states that plaintiff e-filed and served on defendant a request for dismissal of the complaint without prejudice in Fresno County Superior Court on March 25, 2022—the very same day defendant removed this action to this federal court. (*Id.*) Defendant admits that the request for dismissal was "entered as requested on 3/25/22" by the Clerk of the Superior Court but that the Fresno County Superior Court website's docket did not reflect that the request for dismissal had been filed. (*Id.*)

1

On March 30, 2022, plaintiff filed an opposition to defendant's motion to stay arguing that this federal court lacks subject matter jurisdiction over this case because the lawsuit that defendant seeks to remove from the Fresno County Superior Court was actually dismissed before defendant filed the notice of removal. (Doc. No. 8.) Plaintiff points to the fact that a copy of plaintiff's request for dismissal was attached to defendant's notice of removal showing that the request for dismissal was e-filed at 9:36 a.m. on March 25, 2022. (Doc. No. 1-4 at 2.) Meanwhile, this court's records reflect that defendant's notice of removal was filed in this federal court approximately eight hours later at 5:33 p.m. on March 25, 2022.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988). Under the removal statute conferring jurisdiction on federal courts, a civil action must be "pending" in state court in order for it to be removed to federal court.[1] *See* 28 U.S.C. § 1441(a); *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) ("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court."). A state civil action is still "pending," and thus removable, "as long as the parties are still actively contesting the case in the state court system" and the case has not achieved final resolution. *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 969 (7th Cir. 2013). Whether a particular dismissal of a state civil action constitutes a final resolution of the case depends on state law. *See id.* at 969–71 (finding removal to federal court to be proper when the state court judge dismissed the action for failure to prosecute the day before removal to federal court because under Illinois law dismissals for want of prosecution were "not a final and appealable order" and state court judges retained jurisdiction to vacate such dismissals for 30 days).

---

[1] "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place *where such action is pending*." 28 U.S.C.A. § 1441(a) (emphasis added).

2

In California, a "dismissal [is] effective upon tender of the request," *Aetna Cas. & Sur. Co. v. Humboldt Loaders, Inc.*, 202 Cal. App. 3d 921, 931 (1988), "and no other action by the clerk or the court is required." *L. Offs. of Andrew L. Ellis v. Yang*, 178 Cal. App. 4th 869, 876 (2009). "Upon the proper filing of a request to voluntarily dismiss a matter, the trial court loses jurisdiction to act in the case, 'except for the limited purpose of awarding costs and statutory attorney fees.'" *Id.* "[A]ll subsequent proceedings [are] void." *Aetna*, 202 Cal. App. 3d at 931; *see also Paniagua v. Orange Cnty. Fire Auth.*, 149 Cal. App. 4th 83, 89 (2007) ("A plaintiff's voluntary dismissal of his action has the effect of an absolute withdrawal of his claim and leaves the defendant as though he had never been a party. When [as in this case] an action is wilfully dismissed by the plaintiff against . . . a sole defendant it is as though no action had ever been filed."). Finally, a voluntary request for dismissal is not even appealable by the plaintiff or the defendant when, as here, the defendant is not making a claim for affirmative relief. *See Bell v. Hummel*, 136 Cal. App. 3d 1009, 1015 (1982), *disapproved on other grounds by Laird v. Blacker*, 2 Cal. 4th 606 (1992); *Parenti v. Lifeline Blood Bank*, 49 Cal. App. 3d 331, 335 (1975) ("The entry [of a dismissal] is a ministerial, not a judicial, act, and no appeal lies therefrom."), *disapproved on other grounds by Wells v. Marina City Properties, Inc*., 29 Cal. 3d 781 (1981).

Having reviewed California law regarding requests for dismissal, the court is persuaded that requests for dismissals are effective immediately upon filing in state court and constitute the achievement of a final resolution in the case because the dismissal is not appealable, it divests the state court of jurisdiction, and "is as though no action had ever been filed." *Paniagua*, 149 Cal. App. 4th at 89; *cf. Yassan*, 708 F.3d at 969–71. As a result, when defendant filed its notice of removal with this court at 5:33 p.m. on March 25, 2022 there was no "pending" action in the Fresno County Superior Court because the voluntary dismissal was e-filed—and served on defendant—approximately eight hours earlier at 9:36 a.m. that same day. Thus, this court does not have subject matter jurisdiction over the action, and this case must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

/////

Accordingly:

1. This action is dismissed, without prejudice, due to a lack of subject matter jurisdiction;
2. The defendant's motion to stay (Doc. No. 5) is denied as having been rendered moot by this order; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 7, 2022**

UNITED STATES DISTRICT JUDGE